————————o————————

No. 6924.

## FRANK ROUSEO v. JOHN TROXLER.

### Syllabus.

An agent cannot make a submission to arbitration without a special power to that effect. R. C. C., 3101.

Appeal from the 28th Judicial District Court, Parish of St. Charles, No. 668, Honorable Prentice E. Edrington, Judge. Affirmed.

Prentice E. Edrington, Jr., for plaintiff and appellee.

J. A. Woodville, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This suit is for the purchase price of an automobile truck sold by the plaintiff to defendant, the latter declining to pay on the ground that the article sold was not as rep-

resented. From a judgment in plaintiff's favor condemning defendant to pay the price, the latter appeals.

The truck was sold after trial and inspection by defendant as well as by a friend whom he had brought there for that purpose and upon whose judgment as to the advisability of the purchase he appears to have relied rather than upon any special representations made to him by plaintiff, who, to the knowledge of defendant, was not the owner of the machine, being interested as broker only in the transaction, but who assumed the character of vendor solely for the convenience of the other parties involved.

It therefore is quite unlikely that plaintiff, who apparently then possessed no more knowledge regarding the character or condition of the truck than did defendant, guaranteed as being in first-class condition or in perfect running order an article that was frankly sold as a second-hand truck at a price commensurate with that circumstance. And the evidence fails to establish that such guarantee was given.

The fact is that the efficiency of the truck was demonstrated by an 80-mile trip over country roads without mishap the morning following its rejection by defendant, and it clearly appears that the defects of which defendant complains were patent, trivial, easily and economically remedied, and are such as might be expected to exist in a second-hand car, even had not ample opportunity for inspection and trial been offered and availed of.

The additional defense, that plaintiff's right of recovery has been submitted to an arbitration which resulted adversely to him, is without merit. The agent alleged to have made the submission on his behalf was not specially authorized so to do. R. C. C., 3101.

The judgment is accordingly affirmed.

Affirmed.

Opinion and decree, February 5th, 1917.